IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JOSEPH HENSLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:17-cv-86-SPB |
| | ) |
| JOHN COLLINS, Deputy Warden, | ) |
| et al., | ) |
| | ) |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff Joseph Hensley, a former inmate at the Warren County Prison, filed this civil rights action against Deputy Warden Jon Collins and psychiatric nurse practitioner Abby Wenzel,[1] claiming that the Defendants were deliberately indifferent to his serious medical needs and that Collins impeded his access to the courts.[2] On May 31, 2017, the Court granted Plaintiff's motion for leave to proceed *in forma pauperis.* ECF No. 4. The Clerk filed his complaint that same day. ECF No. 5.

In his Complaint, Plaintiff alleges that Collins refused him adequate medical treatment by denying a necessary procedure to have his wisdom teeth extracted and by denying Plaintiff's request to have his eyes examined. Plaintiff further avers that he was denied access to a law

---

[1] In his complaint, Plaintiff misidentifies Collins as "John" Collins and incorrectly states that Wenzel is a psychiatrist. Accordingly, the Clerk is directed to amend the docket so as to reflect the correct spelling of Deputy Warden Collins' first name.

[2] After the Clerk of Court lodged Plaintiff's complaint on April 12, 2017, the matter was referred to the undersigned, then a United States Magistrate Judge, for report and recommendation ("R&R"), in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and the Local Civil Rules of this Court. During the course of this litigation, the undersigned was sworn in as a United States District Judge. Thereafter, the undersigned became the presiding district court judge on this case, and United States Magistrate Judge Richard A. Lanzillo was assigned to handle all pretrial proceedings. ECF Nos. 68, 71.

1

library while incarcerated at the Warren County Prison and, as a result, was unable to properly defend his underlying criminal charges.  With respect to Defendant Wenzel, Plaintiff alleges that she had denied him necessary psychiatric treatment, leading him to attempt suicide on multiple occasions.

Following a period of discovery, Defendants Collins and Wenzel filed separate motions for summary judgment, together with supporting materials, on May 4, 2020.  ECF No. 118-123. Defendant Collins argued that: (1) there was no evidence to establish his personal involvement in any alleged wrongdoing; (2) there was no evidence showing that he ever refused or delayed Plaintiff's access to medical care at the Warren County Prison; and (3) Plaintiff could not demonstrate that he was denied access to the courts.  As to the second point, Collins asserted that the uncontroverted evidence in the record showed:  Plaintiff was at all times under the care of the prison's medical department; Collins deferred to the judgment of medical personal within the prison; Collins was not personally involved with the alleged violations Plaintiff's access to adequate medical care; and Collins did not interfere with Plaintiff's ability to receive treatment for his wisdom teeth or his eye issues.  As to the alleged denial of Plaintiff's access to the courts, Collins argued that "at all times during Mr. Hensley's incarceration at [Warren County Prison] he was represented by counsel for his pending criminal charges," and "[the prison] had a procedure in place provided Mr. Hensley access to law materials[.]"  ECF No. 121, ¶19.

Defendant Wenzel moved for summary judgment on the ground that there was no evidence in the record to show that she ever deliberately denied Plaintiff psychiatric treatment. On the contrary, she argued,

> the uncontroverted evidence in this case reveals the following: (1) Wenzel attended every scheduled appointment with Hensley (with the exception of November 3, 2016 because he had been transferred to another facility); (2) Hensley never told Wenzel he was suicidal and Wenzel never learned otherwise; (3) Wenzel did not

2

>     make the schedule for treatment of inmates at the Warren County Prison; and (4) Wenzel had no contact with Hensley regarding his alleged desire to schedule additional appointments.

ECF No. 118 at 1-2.

Plaintiff's response, filed on June 5, 2020, consisted of the following four sentences:

> Plaintiff plain and simply indicated the involvement. This was a serious medical need. At the time of my incarceration at [Warren County Prison], they had NO law library. I had to know what I wanted then have the clerk of courts get it.

ECF No. 127. Defendant Wenzel filed her reply five days later, ECF No. 128, while Collins declined to file a reply.

On September 23, 2020, Judge Lanzillo issued an R&R recommending that the Defendants' motions for summary judgment be granted. ECF No. 131. With respect to Plaintiff's Eighth Amendment claims, Judge Lanzillo opined that the record would not support a finding of personal involvement by Defendant Collins relative to Plaintiff's medical care or a finding of deliberate indifference on the part of Defendant Wenzel. As for Plaintiff's claim that he was denied access to the courts, Judge Lanzillo opined that this claim failed as a matter of law because the undisputed evidence showed that: Plaintiff had access to a law library during his incarceration at Warren County Prison, Plaintiff was represented by counsel during the pendency of his underlying criminal case, and Plaintiff had not identified any actual injury in the form of a potentially meritorious claim or argument that he was prevented from litigating.

Plaintiff filed his objections to the R&R on October 5, 2020. See ECF No. 134. Therein, he alludes to written requests for medical attention that were allegedly destroyed by other prison staff. Plaintiff claims this evidence would have documented his attempts at suicide and his difficulty eating and drinking as a result of dental problems. Id. Plaintiff also asserts in his objections that Wenzel knew he was suicidal because of the fact that he was wearing a smock

3

when he saw her.  Id. With respect to Plaintiff's alleged need for emergency dental care, he states that an unidentified nurse told him that "the Deputy Warden said No."  Id.  With respect to his claim for denial of access to the courts, Plaintiff states that his "court appointed lawyer wouldn't do [Plaintiff's] research."  Id.

On the same day that he filed his objections, Plaintiff filed a "Motion for Extension to File Objections to R&R." ECF No. 133.  In this motion, Plaintiff states that it is "extremely hard to get in the law library" due to current pandemic restrictions.  Id.  He requests an extension of sixty (60) days, presumably for the purpose of filing more lengthy objections.

Plaintiff subsequently filed a "Motion for Reproduction of Pleadings," ECF No. 135, which was denied by Judge Lanzillo on October 19, 2020.  ECF No. 138.  More recently, he has purported to file "Exhibits in Support of Amended Complaint," ECF No. 137, as well as a belated "Concise Statement of Undisputed Material Facts/ Dispute of Defendants [sic] Statement."  ECF No. 140.  Finally, Plaintiff sent unsolicited correspondence to the Court in which he states only that the depositions he received in discovery were missing pages, and "[t]hey took out everything that encripted them."  ECF No. 139.

In conducting its *de novo* review of the pending Report and Recommendation, the undersigned is under no obligation to consider evidence or arguments that were not first presented to the Magistrate Judge.  *See* LCivR. 72(D)(2) (stating that the assigned District Judge "need not conduct a new hearing and may consider the record developed before the Magistrate Judge, making his or her own determination on the basis of that record").  Consideration of new arguments or evidence is especially inappropriate when – as here -- the new material could have been submitted in the first instance to the Magistrate Judge.  *See Kightlinger v. Pennsylvania*, No. CIV. A. 11-936, 2013 WL 4504382, at *2 (W.D. Pa. Aug. 22, 2013) (explaining that

4

consideration of issues raised for the first time in an objection to a report and recommendation "would reduce the proceedings before the magistrate[ ] Judge to a mere dress rehearsal, which is contrary to the very reason for having magistrate judges"); *accord Williams v. McNeil*, 557 F.3d 1287, 1292 (11th Cir. 2009) (observing that both the Magistrates Act and Supreme Court precedent provide district courts discretion not to consider novel arguments raised in objections because "[t]o require a district court to consider evidence not previously presented to the magistrate judge would effectively nullify the magistrate judge's consideration of the matter and would not help to relieve the workload of the district court." (internal quotation marks omitted)).

Here, the undersigned declines to consider the new information set forth in Plaintiff's objections, concise statement of material facts, correspondence, and "Exhibits in Support of Amended Complaint." In addition, the Court declines to extend the deadline for filing additional objections to the Report and Recommendation. By way of relevant background, the Court notes that the within civil action has now been pending for more than three and a half years. Defendants originally filed their motions for summary judgment in August 2019, following a six-month period of discovery. ECF Nos. 99, 102. Judge Lanzillo initially dismissed those motions without prejudice and stayed the case for a period of five months, pending Plaintiff's transfer to a new institution and his attempts to locate litigation materials. ECF Nos. 113, 116. After Defendants refiled their summary judgment motions, Judge Lanzillo issued a briefing order in which he fully delineated Plaintiff's obligations under Rule 56 and allowed him thirty (30) days in which to respond. ECF No. 124. Plaintiff filed his response on June 5, 2020, without having sought an extension of time or having raised any concerns related to the pandemic or his ability to timely address the Defendants' motions. ECF No. 127. As discussed, Plaintiff's Rule 56 response consisted of four sentences unaccompanied by any exhibits or a concise statement of

fact. The points addressed in Plaintiff's objections concern factual matters that would have been within his knowledge at the time he filed his Rule 56 response. At this point in the proceedings, it appears that Plaintiff's request for additional time is unjustified and borne of an effort to further delay these proceedings. Even if the motion for extension of time is predicated upon sincere motives, however, the Court finds that the delay caused by further extension would unfairly prejudice the Defendants, who have long awaited final resolution of their Rule 56 motions. For these reasons, the Court finds that Plaintiff has failed to establish good cause for additional time to file more extensive objections. See Fed. R. Civ. P. 6(b)(1) (allowing the district court to extend specified deadlines "for good cause").

Accordingly, after *de novo* review of the complaint and documents in the case, together with the report and recommendation and Plaintiffs' objections thereto, the following order is entered:

NOW, this 12th day of November, 2020;

IT IS ORDERED that the Plaintiff's Motion for Extension to File Objections to R&R, ECF No. [133], shall be, and hereby is, DENIED.

IT IS FURTHER ORDERED that the motions for summary judgment filed by Defendants Jon Collins and Abby Wenzel, ECF Nos. [117] and [121], shall be and hereby are GRANTED.

Consistent with Rule 58 of the Federal Rules of Civil Procedure, IT IS FURTHER ORDERED that JUDGMENT shall be, and hereby is, entered in favor of Defendants Jon Collins and Abby Wenzel, and against Joseph Hensley, with respect to the claims in Plaintiff's operative pleading.

Finally, IT IS ORDERED that the report and recommendation of Magistrate Judge Lanzillo, issued on September 23, 2020, ECF No. [131], is adopted as the opinion of the Court, and Plaintiffs' objections thereto [134] are OVERRULED.

There being no further claims pending before the Court in the within civil action, the Clerk is hereby directed to mark this case "CLOSED."


*[signature: Susan Paradise Baxter]*

SUSAN PARADISE BAXTER
United States District Judge

cm:  Joseph Hensley
  MS-7788
  SCI Houtzdale
  P.O. Box 1000
  Houtzdale, PA 16698

  Counsel of Record
  United States Magistrate Judge Richard A. Lanzillo
  (via CM/ECF)